**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **BRITT, JOHN B.**[1] | ) | |
| | ) | **Case No. 13-34390-KRH** |
| Debtor-in-Possession. | ) | |

**NOTICE OF (A) FILING OF MOTION TO APPROVE
SETTLEMENT AND DISMISS BANKRUPTCY
CASE AND (B) HEARING ON MOTION**

  **PLEASE TAKE NOTICE** that the above captioned debtor-in-possession filed with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court") a Motion To Approve Settlement and Dismiss Bankruptcy Case (the "Motion"). A copy of the Motion is being served upon you simultaneously herewith.

  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). Under Local Bankruptcy Rule 9013-1, unless a written response to the Motion is filed with the Clerk of Court and served on the moving party on or before December 8, 2014, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the relief requested.**

  PLEASE TAKE FURTHER NOTICE that, on December 10, 2014 at 1:00 p.m., (or such time thereafter as the matter may be heard) the undersigned will appear The Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad Street Richmond, Virginia 23219, and will move the Court for entry of an order approving the Motion.

  If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then **on or before December 8, 2014,** you or your attorney must:

---

[1] The Debtor's address is PO Box 856, West Point, Virginia 23181 and his last four digits of his SSN are 3917.

---

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
 *Counsel for the Debtor-in-Possession*

☒ File with the Court, at the address shown below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1.  You must mail or otherwise file it early enough so the Court will receive it on or before the due date identified herein.

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street, Room 4300
> Richmond, Virginia  23219

You must also serve a copy on:

> Paula S. Beran, Esquire
> Tavenner & Beran, PLC
> 20 North Eighth Street, Second Floor
> Richmond, Virginia  23219

If you or your attorney do not take these steps, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.

Dated: November 26, 2014  **JOHN B. BRITT**
Richmond, Virginia

By:  */s/ Paula S. Beran*
  Counsel

Lynn L. Tavenner (Va. Bar No. 30083)
Paula S. Beran (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

  *Counsel for the Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of November, 2014, a true and correct copy of the Notice Of (A) Filing Of Motion To Approve Settlement And Dismiss Bankruptcy Case And (B) Hearing On Motion was served via first class mail postage prepaid and/or electronic delivery to all parties in interest as listed on the attached service list (as filed with the Bankruptcy Court).

                                        */s/ Paula S. Beran*
                                            Counsel

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **BRITT, JOHN B.,** | ) | |
| | ) | Case No.  13-34390-KRH |
| Debtor-in-Possession. | ) | |

**DEBTOR'S MOTION TO APPROVE SETTLEMENT
AND DISMISS BANKRUPTCY CASE AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

The above-captioned debtor and debtor-in-possession (the "Debtor" or "Mr. Britt"), by counsel, hereby moves the Court for the entry of an order approving a certain settlement and dismissing his bankruptcy case. In support of this Motion, the Debtor represents the following to the Court:

<u>**Facts**</u>

1.  On August 13, 2013 (the "Petition Date"), the Debtor commenced this bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2.  Mr. Britt is an individual.  He is an owner of several operating businesses, including Direct Wood Products, Inc., Saude Creek Farms, LLC and Saude Creek Vineyards, LLC in which he is actively involved.  He also owns other entities, including, but not limited to, Boardley, LLC ("Boardley"), Britts, Inc. ("Britts") and Bri-Par, LLC ("Bri-Par").  He also individually owns various parcels of real estate in the Middle Peninsula area of Virginia

3.  The Debtor's largest creditor is The Old Point National Bank of Phoebus ("OPNB").  Bri-Par borrowed substantial sums of money from OPNB in order to own and develop a residential real estate subdivision located along the Pawmunkey River in New Kent

County, Virginia. Mr. Britt personally guaranteed the obligations of Bri-Par to OPNB. Bri-Par was unable to pay its obligations to OPNB. OPNB sued Mr. Britt for amounts owed. That lawsuit caused Mr. Britt to seek bankruptcy protection. In addition, at the time of the Petition Date, Mr. Britt was a party to a divorce proceeding involving disputes with regard to property settlement, notwithstanding the existence of a pre-nuptial agreement. Mr. Britt also has ongoing domestic support obligations for a young dependent (he was and remains current on all such obligations).

    4.    The dispute with the OPNB has been resolved, subject to this Court's approval, as follows (the "OPNB Settlement"):

    (a) OPNB agrees to accept $1,700,000.00 (the "Payment") actually received on or before Monday, December 15, 2014 at 11:00 a.m., EST, by wire transfer(s) only, time thereof being of the absolute essence (even one minute late is a breach).

    (b) OPNB agrees to a voluntary dismissal of Mr. Britt's Bankruptcy Case in the event the Payment is timely made.

    (c) The debt secured by Thelma Ertl's house[2] will remain unaffected by the settlement and will be paid as agreed under the loan documents with Mr. Britt remaining liable thereon.

    (d) Upon receipt of the Payment, OPNB will release its lien on what is commonly referred to as Bri-Par lots 10 and 21.

    (e) The parties (OPNB and Mr. Britt) will execute and deliver mutual releases upon timely delivery of the Payment. The release will not include the equity loan secured by Thelma Ertl's house, as Mr. Britt will remain liable on it. The debt from Bri-Par will remain outstanding for OPNB to conclude the foreclosure sale process, collect those funds and apply it to that debt.

    (f) Mr. Britt consents to OPNB's Motion to Strike the Plan and Disclosure Statement. OPNB agrees that the exclusivity period will be extended until January 15, 2015. If Mr. Britt timely makes the Payment, this is moot.

---

[2] Therma Ertl is Mr. Britt's mother. Mr. Britt is liable to OPNB on a separate loan secured by his mother's home.

2

(g)  Mr. Britt consents to the Motion to Require Compliance with Rule 2015.3 and that he file the required reports no later than January 15, 2015.  If Mr. Britt timely makes the Payment, this is moot.

(h)  Mr. Britt consents to OPNB's Objection to the Sale Motion (defined in paragraph 5) with the following effect: (i) he will cooperate in concluding the settlement of the sale of the Boardley property; (ii) upon the closing of the sale of the Boardley property occurring, the funds earmarked in the Sale Motion for OPNB will be transmitted to it to be applied to the Bri-Par debt, except for the $200,000.00 earmarked to curtail the equity line.  Those funds will be transmitted to OPNB to be held in suspense by OPNB pending timely receipt by OPNB of the Payment (which amount would be $1,700,000 less funds received by OPNB pursuant to the Sale Motion).  If the Payment (which amount would be $1,700,000 less funds received by OPNB pursuant to the Sale Motion) is made timely, that $200,000.00 will be applied to the Bri-Par debt.  If the Payment is not made timely, that $200,000.00 will be applied to the equity line in conformance with the parties' agreement as outlined in the Sale Motion. The "excess" funds which are the subject of the Objection will be transmitted to OPNB to be held in suspense pending payment of the balance of the settlement funds.  If the Payment (which amount would be $1,700,000 less funds received by OPNB pursuant to the Sale Motion) is made timely, those funds will be applied to the Bri-Par debt.  If the Payment is not made timely, those funds will be transferred to the DIP account to be administered as part of the bankruptcy case. As set forth in the Sale Motion, Lot 21 will be released.  If Mr. Britt timely makes the Payment, this is moot.  Pursuant to the order entered by the Bankruptcy Court granting part of the relief sought in the Sale Motion, funds are currently held in escrow by James H. Hudson III, Esquire of the law firm of Hudson and Bondurant P.C. pending further Order of the Bankruptcy Court. Said funds may be transferred to the law firm of Tavenner & Beran, PLC to be held in escrow and, thereafter, distributed pursuant to the terms of this settlement.

(i)  Mr. Britt consents to the Objection to the Sale such that the Order allowing transfer of Lot 10 into his name will include immediate and unconditional relief from the automatic stay.  If Mr. Britt timely makes the Payment, this is moot.

5.      Mr. Britt has also filed a Motion of the Debtor for Entry of an Order (A) Authorizing Sale of a Certain Real Property Interest Free and Clear of All Liens, Claims, and Encumbrances; (B) Authorizing Distribution of Proceeds; and (C) Authorizing Purchase of Property and Memorandum of Law in Support Thereof (the "Sale Motion"), seeking relief including, but not limited, to the authorization of the sale of land owned by Boardley and Mr. Britt (the "Related Entity 2014 Land Sale").

6.      As indicated in the Sale Motion, upon completion and consummation of the

3

Related Entity 2014 Land Sale, the following contingent liabilities of Mr. Britt will be satisfied: Colonial Farm Credit and Robert Kline. In addition, after completion and consummation of the Related Entity 2014 Land Sale, Mr. Britt will have satisfied or will be current on all of his financial obligations other than those owed to OPNB and his counsel.

7.      Thus, after completion and consummation of both of the Related Entity 2014 Sale and the OPNB Settlement, Mr. Britt will have satisfied or will be current on all of his financial obligations other than those to his counsel.  Accordingly, Mr. Britt believes it is in the best interest of his estate to dismiss the Bankruptcy Case.

## Legal Argument

A.     <u>Approval of the Settlement is Warranted Under Bankruptcy Rule 9019</u>.

8.      In addition to considering the proposed terms of a particular settlement, courts within this Circuit look to the following factors in assessing the reasonableness of proposed settlements:

   a. the probability of success in litigation;
   b. the difficulties associated with collection;
   c. the complexity of the litigation, and the attendant expense, inconvenience and delay; and
   d. the paramount interests of the creditors

*See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *United States ex. rel. Rahman v. Oncology Assoc., P.C.,* 269 B.R. 139, 152 (D. Md. 2001); *In re Frye*, 216 B.R. 166, 174 (E.D. Va. 1997).

9.      The central factor in evaluating a proposed settlement is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See In re Bond*, No. 93-1410, 1994 WL

4

20107 at *3 (4th Cir. Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'"). A settlement need not be the best that the debtor could have achieved to be approved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.,* 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

10. In making its determination, a court should not substitute its own judgment for that of the debtor and should defer to the debtor so long as there is a reasonable business justification. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 2000). The court should exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *Nellis v. Shugrue*, 165 B.R. 115, 23 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above.").

11. Here, approval of the OPNB Settlement is warranted because it represents a resolution of the various disputes through good faith, arms' length negotiations. It limits Mr. Britt's liability to OPNB and allows for a significant discount of amounts that could be owed to OPNB. The OPNB Settlement also eliminates ongoing, escalating litigation expenses. Accordingly, the OPNB Settlement should be approved. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *United States ex. rel. Rahman v. Oncology Assoc., P.C.*, 269 B.R. 139, 152 (D. Md. 2001); *In re Frye*, 216 B.R. 166, 174 (E.D. Va. 1997).

12. Based on the foregoing, Mr. Britt submits that the OPNB settlement is beneficial to his estate and creditors. Moreover, the OPNB Settlement represents a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for

5

approval under applicable law. Accordingly, for the reasons detailed herein, approval of the OPNB Settlement is warranted under Bankruptcy Rule 9019.

B.     Dismissal of Mr. Britt's Case Is Warranted Under 11 U.S.C. § 1112.

13.    Pursuant to § 1112 of the Bankruptcy Code, this Court may dismiss this Bankruptcy Case, after notice and a hearing, for cause provided dismissal is in the best interest of creditors and the estate. After completion and consummation of the Related Entity 2014 Land Sale, Mr. Britt will have satisfied or will be current on all of his financial obligations other than those owed to OPNB and his counsel. Furthermore, the Debtor has reached a settlement with OPNB. Mr. Britt is current on all of his other financial obligations other than amounts owed to counsel. Creditors and other parties in interest have notice of this Motion and, specifically, the Debtor's intent to dismiss his Bankruptcy Case.

14.    Generally, Bankruptcy Rule 2002 requires that a minimum of twenty-one (21) days notice of a hearing on motions to dismiss. Fed. R. Bankr. P. 2002(a)(4). Pursuant to Bankruptcy Rule 9006, the Court, for cause, may reduce said notice period. The Debtor submits that cause exists to shorten the notice period because in essence this dismissal is being prosecuted as part of an agreement with the Debtor's major creditor, OPNB, and OPNB has indicated that time is of the absolute essence for the Payment on or before December 15, 2014.

15.    Based upon the foregoing, the Debtor respectfully submits that ample cause exists to shorten the 21-day notice period set forth in Bankruptcy Rule 2002(a)(4) thereby allowing the Court to hear this Motion on the scheduled date of December 10, 2014 at 1:00 p.m.

WHEREFORE, the Debtor respectfully requests that the Court approve the OPNB Settlement by entering the order attached hereto as Exhibit A and, upon timely consummation of

6

the matters contemplated by the OPNB Settlement, dismiss the Bankruptcy Case by entering the

order attached hereto as Exhibit B.

**JOHN B. BRITT**

By: */s/ Paula S. Beran*
      Counsel

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

    *Counsel for the Debtor-in-Possession*

### CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2014, a true copy of the foregoing Debtor's Motion To Approve Settlement And Dismiss Bankruptcy Case And Memorandum Of Law In Support Thereof was mailed, first class postage prepaid, and/or electronically to all parties in interest as listed on the attached Service List (as filed with the Bankruptcy Court).

                        */s/ Paula S. Beran*
                            Counsel

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **BRITT, JOHN B.,** | ) | |
| | ) | Case No.  13-34390-KRH |
| Debtor-in-Possession. | ) | |

**ORDER APPROVING SETTLEMENT**

This matter came before the Court upon Debtor's Motion To Approve Settlement And Dismiss Bankruptcy Case And Memorandum Of Law In Support Thereof, (the "Motion"); and it appearing to the Court that good cause and ample justification exist to grant the relief requested in the Motion as it relates to the OPNB Settlement (as defined in the Motion); the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, and no further notice being necessary; and all parties in interest having been heard or having been afforded an opportunity to be heard at the hearing held on December 10, 2014 to consider the Motion and the relief requested therein (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the terms and provisions of the OPNB Settlement are fair and reasonable, it is hereby ORDERED that:

1. The Motion as it relates to approving the OPNB Settlement is hereby GRANTED.

2. Capital terms not otherwise defined herein shall have the meaning prescribed in the Motion.

8

3. Pursuant to Bankruptcy Rule 9006, the applicable notice period for the Motion is hereby shortened so that the Hearing may be held on December 10, 2014. Notice of the Motion is limited to the parties as set forth in the Motion and no other or further notice is necessary.

4. The OPNB Settlement and the transactions contemplated thereby as set forth in the Motion are approved in their entirety pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

5. The Debtor is authorized, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, to execute and deliver all documents necessary to effectuate the OPNB Settlement and to perform all of his obligations with respect thereto and take such other actions as are necessary to effectuate the transactions contemplated thereby.

6. Pursuant to an order entered by this Court granting part of the relief sought in the Sale Motion, funds are currently held in escrow by James H. Hudson III, Esquire of the law firm of Hudson and Bondurant P.C. Said funds may be transferred to the law firm of Tavenner & Beran, PLC to be held in escrow and, thereafter, distributed pursuant to the terms of the OPNB Settlement.

7. This Order shall be effective and enforceable immediately upon entry and is not stayed pursuant to Bankruptcy Rule 6004(h) or otherwise.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the interpretation, implementation and enforcement of this Order, and any disputes arising from, and all documents executed, in connection therewith.

9. The Clerk is directed to send a copy of this Order upon entry to all parties listed on the Service List attached hereto.

Entered: _____

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
    *Counsel for the Debtor*

Seen and Agreed:

_____
Jonathan L. Hauser, Esquire (VSB No. 18688)
Troutman Sanders, LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-768
Telecopy: (757) 687-1505
    *Counsel for The Old Point National Bank of Phoebus*

Seen and No Objection:

_____
Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-8004
    *Assistant United States Trustee*

## **CERTIFICATION**

    I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order Approving Settlement has been served on or endorsed by all necessary parties.

_____
                          Counsel

## Service List for Entered Order

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219

Jonathan L. Hauser, Esquire
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRITT, JOHN B. | ) | |
| | ) | Case No. 13-34390-KRH |
| Debtor-in-Possession. | ) | |

## ORDER DISMISSING BANKRUPTCY CASE

This matter came before the Court upon Debtor's Motion To Approve Settlement And Dismiss Bankruptcy Case And Memorandum Of Law In Support Thereof, (the "Motion"); and it appearing to the Court that (i) no objections to the Motion have been filed; (ii) the Debtor and the Office of the United States Trustee consent to the dismissal relief requested in the Motion; and (iii) it is in the best interest to dismiss the Debtor's bankruptcy case, it is hereby ORDERED that:

1. All other aspects of the Motion having already been granted and the transactions contemplated therein having been consummated, the remaining dismissal for relief requested in the Motion is hereby GRANTED.

2. Capital terms not otherwise defined herein shall have the meaning prescribed in the Motion.

3. The Bankruptcy Case of Mr. John Britt is hereby dismissed.

4. The 21-day notice period set forth in Bankruptcy Rule 2002 (a)(4) is hereby reduced allowing the Motion to be heard on December 10, 2014.

Active 24046896v2 212719.000030

5. The Clerk is directed to send a copy of this Order upon entry to all parties listed on the Service List attached hereto.

Entered:

_____<br>UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
  *Counsel for the Debtor-in-Possession*

Seen and Agreed:

_____
Jonathan L. Hauser, Esquire (VSB No. 18688)
Troutman Sanders, LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-768
Telecopy: (757) 687-1505
  *Counsel for The Old Point National Bank of Phoebus*

Seen and No Objection:

_____
Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-8004
  *Assistant United States Trustee*

3

## CERTIFICATION

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order Dismissing Bankruptcy Case has been served on or endorsed by all necessary parties.

_____
Counsel

### Service List for Entered Order

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219

Jonathan L. Hauser, Esquire
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462